Ardell **KENNEDY**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Feb. 27, 1970.

Ardell Kennedy, pro se.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., for appellee.

PALMORE, Judge.

This is a second RCr 11.42 proceeding to vacate a judgment entered in September of 1957 convicting Ardell Kennedy of wilful murder (allegedly committed in April of 1957) and sentencing him to life imprisonment. KRS 435.010.

Kennedy's first RCr 11.42 motion was filed in the Perry Circuit Court on March 22, 1968. It alleged two grounds, that at the time of his conviction (1) the movant was without counsel and his mother pleaded guilty for him, and (2) he was mentally incompetent. The trial court promptly entered an order permitting him to proceed in forma pauperis, as he had requested, appointed counsel to represent him, granted a hearing, and caused him to be brought from Eddyville to Hazard so that he might testify, which he did.

It appears to have been definitely established that Kennedy did have counsel at the time of his conviction, and that issue is not pressed on appeal.

It was brought out at the hearing that Kennedy had spent some time at Eastern State Hospital (a mental institution) during 1953 and 1954, so after he had testified the trial court sent for a copy of the official hospital record. Meanwhile Kennedy was returned to prison, and he seems to feel that because he was not kept at Hazard and was not present when the hospital record was received and considered by the trial court he did not actually receive a "hearing." Anyway, on the basis of the testimony and the hospital record the court found as a fact that Kennedy was not mentally incompetent at the time of his conviction, and the motion was overruled on May 29, 1968. No appeal was taken from that order.

The second RCr 11.42 motion was filed in the Perry Circuit Court on May 19, 1969. Though more elaborate than the first, it states the same grounds, and it was overruled without a hearing. Hence this appeal.

There is nothing in the record to indicate that the hearing granted pursuant to the first motion did not afford the movant an adequate and reasonable opportunity to sustain the burden of proving his allegations. The hospital record is before us, and its contents certainly do not sustain it. It is not incumbent on the trial court to grant a hearing on an RCr 11.42 motion stating grounds that have or should have been presented by an earlier motion. Milner v. Commonwealth, Ky., 408 S.W.2d 646 (1966).

The judgment is affirmed.

All concur.