James E. HAMPTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 29, 1970.

James E. Hampton, pro se.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

This is another case in which a prisoner has fired so many papers into court that it is not easy to ascertain its procedural status. Indicted for rape (KRS 435.080), he was found guilty of the lesser offense of carnal knowledge (KRS 435.100) and sentenced to seven (7) years in the penitentiary. He was defended by counsel who were appointed by the trial court but, according to appellant, also were paid $500 by appellant's brother.

Appellant was tried and convicted on February 17, 1969. On May 15, 1969, he filed an RCr 11.42 motion to vacate stating the following grounds for relief: (1) That he "was denied due process, and equal protection of the law;" (2) That he "had ineffective counsel;" (3) That the prosecuting witness had been subjected to a medical examination and the proof was that there had been no penetration or emission; (4) That the evidence did not support the verdict; (5) That the jurors had formed an opinion before they were empanelled; and (6) That he "was denied an appeal."

After one or more unsuccessful mandamus proceedings against the trial judge and the entry of an order on June 6, 1969, overruling his RCr 11.42 motion the appellant filed a notice of appeal and a statement of appeal and then filed in the circuit court a motion to withdraw the RCr 11.42 proceeding and his appeal to this court. The next paper in the record is a motion for new trial under CR 60.02 upon the ground of newly discovered evi-

dence, filed on July 24, 1969. This motion gives the names of two witnesses the appellant says were present when the illegal act is alleged to have taken place and who purportedly will testify to his innocence but whom "movant's attorneys refused to produce at the trial."

On August 23, 1969, appellant filed another RCr 11.42 motion restating four of the six grounds recited in his first RCr 11.42 motion but setting forth more specific details. Also filed at this time was a motion for appointment of counsel, supported by an affidavit of indigency. Attached as exhibits to the RCr 11.42 motion are (1) copy of a letter dated February 10, 1969, from a doctor stating that a medical examination of Brenda Moore, the alleged victim of the rape, on July 29, 1968, "revealed no medical evidence of rape or recent sexual intercourse" and (2) a statement signed by Brenda Moore (14 years of age) dated August 30, 1968, reciting the events she says occurred at the time of the alleged crime and stating in effect that appellant did not molest or "touch me in that way." By a "supplemental memorandum" filed on August 26, 1969, appellant tendered a receipt for $500 said to have been given his brother by one of his attorneys and alleged that "Counsel for defendant has denied movant an appeal * * * and effective assistance of counsel, * * * [and] lied and misrepresented himself to movant and the court in the defense of movant. * * * Movant states that this is proof of his contention that he had ineffective assistance of counsel and inethical practice" by the named attorney.

On September 6, 1969, appellant filed another "supplemental memorandum" alleging that he had received an illegal sentence of seven (7) years in that the minimum sentence for rape was 10 years.

Appellant's pending CR 60.02 and RCr 11.42 motions were overruled on October 20, 1969, and he appeals from that judgment. Interspersed among the proceedings we have enumerated were several mandamus actions, some successful and some not. They require no further elaboration here.

 The courts have much more to do than occupy themselves with successive "reruns" of RCr 11.42 motions stating grounds that have or should have been presented earlier. Kennedy v. Commonwealth, Ky., 451 S.W.2d 158, 159 (1970). For that obvious reason the overruling of appellant's July 24, 1969, motion will not be reviewed.

The CR 60.02 motion did not present any information that was not known to the appellant at the time of the trial, nor was it supported by affidavits by the proposed witnesses. These deficiencies are fatal to the motion. Sebastian v. Commonwealth, Ky., 436 S.W.2d 66 (1968); Bowling v. Commonwealth, 148 Ky. 9, 145 S.W. 1126, 1127 (1912); Wheeler v. Commonwealth, Ky., 395 S.W.2d 569, 571 (1965).

The judgment is affirmed.

All concur.