RENDERED: FEBRUARY 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1812-MR

TROY D. WADE                                                              APPELLANT

v.
APPEAL FROM MEADE CIRCUIT COURT
HONORABLE KENNETH HAROLD GOFF, II, JUDGE
ACTION NO. 04-CR-00120

COMMONWEALTH OF KENTUCKY                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Troy Wade, *pro se*, appeals the Meade Circuit Court's order

denying his RCr[1] 11.42 and CR[2] 60.02 motions for post-conviction relief filed

more than ten years after final judgment. He claims he received ineffective

assistance of counsel at trial. Finding no error, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Rules of Civil Procedure.

## BACKGROUND AND PROCEDURE

Wade was convicted by a jury of possession of a controlled substance (cocaine) in the first degree, possession of marijuana, failure to register transfer of a motor vehicle, and being a persistent felony offender in the first degree. A final judgment of conviction was entered on September 29, 2005, sentencing Wade to a total of twenty years in prison. (Trial Record "T.R." Vol. IV[3] at 491-95.) He took a direct appeal to the Kentucky Supreme Court, which affirmed his conviction on May 24, 2007. *Wade v. Commonwealth*, No. 2005-SC-000844-MR, 2007 WL 1536858, at \*1 (Ky. May 24, 2007).[4] Finality occurred on June 14, 2007.

On June 10, 2008, Wade filed his first RCr 11.42 motion with the circuit court. That motion failed to specify what grounds, if any, warranted relief. (T.R. Vol. V at 8-11.) Rather, Wade appears to have been seeking appointment of counsel to assist him in preparing his motion. Because the motion failed to "specify any grounds and supporting facts that, if true, would warrant relief," the circuit court summarily dismissed the motion on July 9, 2008, without an evidentiary hearing. (*Id*. at 17.) Wade did not appeal that ruling.

---

[3] The first four volumes of the written portion of the record are labeled Volumes I-IV, encased in red binding. The record then restarts, with an additional four volumes, labeled Volumes I-IV, encased in black binding. Based on the chronology, we refer to the red-bound record as Volumes I-IV and the black-bound record as volumes V-VIII.

[4] A separate appeal was filed relating to a 2008 forfeiture order. This Court affirmed, in part, and reversed, in part, on April 11, 2008. (T.R. Vol. V at 1-6.) This order is not relevant to the current appeal.

On February 13, 2019, Wade again sought post-conviction relief. He filed a second RCr 11.42 motion in conjunction with a CR 60.02 motion, captioned "CR 60.02 (E) (F) REQUEST FOR MODIFICATION OF SENTENCE." In both motions he alleged, among other things, that his counsel was ineffective. (*Id*. at 85-100.) The circuit court denied both motions without an evidentiary hearing. It concluded Wade's RCr 11.42 motion was filed outside the three-year window for filing such a motion. Nevertheless, the court analyzed Wade's claims and concluded his counsel did not render ineffective or prejudicial assistance. Lastly, it concluded the issues raised in his CR 60.02 motion should have been raised on direct appeal or in his RCr 11.42 motion. This appeal followed.

## ANALYSIS

Wade raises before this Court a plethora of claims which were included in both his RCr 11.42 and CR 60.02 motions before the circuit court. He contends proof of ineffective representation is found in his counsel's: (1) failure to challenge the search and seizure of his vehicle at the time of arrest; (2) failure to present to the jury and preserve in the record the fact that his co-defendant pleaded guilty to possession of the drugs found in his vehicle; (3) encouraging him to reject a plea offer in lieu of proceeding to trial; (4) failure to preserve an objection to prosecutorial misconduct by the Commonwealth's Attorney; and (5) proceeding to trial when "key witnesses" were not present. In addition, he claims he was denied

the right to confront key witnesses and that the Commonwealth's Attorney

presented false and misleading evidence to the jury. These arguments can be

dispatched easily without the need to assess the merits of each claim.

First, we note this is Wade's second RCr 11.42 motion. As we have

said before:

> Our case law has long held that we will not consider
> successive motions to vacate a conviction when those
> motions recite grounds for relief that have been or should
> have been raised earlier. *Butler v. Commonwealth*, 473
> S.W.2d 108, 109 (Ky. 1971). "The courts have much
> more to do than occupy themselves with successive
> 'reruns' of RCr 11.42 motions stating grounds that have
> or should have been presented earlier." *Hampton v.
> Commonwealth*, 454 S.W.2d 672, 673 (Ky. 1970) (citing
> *Kennedy v. Commonwealth*, 451 S.W.2d 158, 159 (Ky.
> 1970)).

*Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011).

Although Wade's initial RCr 11.42 motion did not raise any specific

grounds for relief, the aforementioned claims unquestionably could and should

have been pursued in the previous motion for post-conviction relief. Accordingly,

the underlying matter is a prohibited successive RCr 11.42 motion.

Second, a RCr 11.42 motion must be:

filed within three years after the judgment becomes final,
unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were
unknown to the movant and could not have been
ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

RCr 11.42(10). Wade's motion was filed more than ten years after his judgment became final. He does not allege, and this Court does not find, that either exception applies. The RCr 11.42 motion is clearly an untimely filing.

Now we turn to Wade's CR 60.02 motion. A motion based on CR 60.02(e) and (f) must be filed "within a reasonable time[.]" CR 60.02. Such a motion is untimely if the delay in bringing it is substantial and unexplained. *Graves v. Commonwealth*, 283 S.W.3d 252, 257 (Ky. App. 2009) (unexplained delay of seven years before bringing motion is unreasonable). A circuit court's denial of a motion for CR 60.02 relief is reviewed for abuse of discretion. *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 583 (Ky. App. 2004).

Over ten years elapsed between the entry of final judgment and Wade's CR 60.02 motion currently on appeal. He provides no explanation for such a delay. As with the motion based on RCr 11.42, this motion based on CR 60.02 is untimely.

Additionally, Wade's use of CR 60.02 is improper. As established by our Supreme Court:

> Rule 60.02 is part of the Rules of Civil Procedure. It applies in criminal cases only because Rule 13.04 of the Rules of Criminal Procedure provides that "the Rules of Civil Procedure shall be applicable in criminal

proceedings to the extent not superseded by or inconsistent with these Rules of Criminal Procedure."

The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02. CR 60.02 is not intended merely as an additional opportunity to raise *Boykin*[5] defenses. It is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

*Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). Accordingly, "RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are 'issues that could reasonably have been presented' by RCr 11.42 proceedings." *Id*. at 857.

As noted above, the claims of error alleged before this Court could have been raised on either direct appeal or in Wade's first RCr 11.42 motion. The circuit court did not abuse its discretion when it denied Wade's motion without conducting a hearing.

---

[5] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

## **CONCLUSION**

For the reasons stated above, we affirm the Meade Circuit Court's order denying Wade's motions brought pursuant to RCr 11.42 and CR 60.02.

ALL CONCUR.


BRIEF FOR APPELLANT:

Troy D. Wade, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky