RENDERED: SEPTEMBER 10, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0784-MR

JAMES RICKY OWENS                                              APPELLANT

APPEAL FROM SIMPSON CIRCUIT COURT
v.       HONORABLE JANET J. CROCKER, JUDGE
ACTION NO. 08-CR-00003

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND JONES, JUDGES.

JONES, JUDGE: James Ricky Owens appeals from the Simpson Circuit Court's

order entered on April 27, 2020, which denied his petition for relief pursuant to

CR[1] 60.02(e) and (f). We affirm.

## I. BACKGROUND

A thorough recitation of the facts of this case may be found in the

Kentucky Supreme Court's opinion affirming Owens's convictions on direct

appeal. *Owens v. Commonwealth*, 329 S.W.3d 307 (Ky. 2011). Briefly stated,

---

[1] Kentucky Rules of Civil Procedure.

Owens was charged in connection with the brutal beating of Thelma Sorrells in Franklin, Kentucky, which occurred on August 25, 2007. *Id*. at 311. He was thereafter convicted at a jury trial for first-degree assault, tampering with physical evidence, and being a first-degree persistent felony offender. For these offenses, the circuit court sentenced Owens to thirty years' imprisonment. *Id*. at 312.

After the Kentucky Supreme Court affirmed his convictions, Owens began seeking postconviction relief in the circuit court. He initially filed motions pursuant to RCr[2] 11.42 on a number of grounds asserting ineffective assistance of counsel. These motions were denied by an order of the circuit court entered on June 18, 2012. We affirmed the circuit court in an opinion and an opinion and order, both unpublished, in 2014.[3] Owens subsequently filed motions seeking relief under both RCr 11.42 and CR 60.02. The circuit court denied these motions in an order entered on April 2, 2014. We affirmed the circuit court's order denying relief in a very thorough published opinion which addressed both his RCr 11.42 and his CR 60.02 claims. *Owens v. Commonwealth*, 512 S.W.3d 1 (Ky. App. 2017).

---

[2] Kentucky Rules of Criminal Procedure.

[3] *Owens v. Commonwealth*, No. 2012-CA-001175-MR, 2014 WL 3547830 (Ky. App. Jul. 18, 2014); *Owens v. Commonwealth*, No. 2012-CA-001175-MR, 2014 WL 3887908 (Ky. App. Aug. 8, 2014), *disc. rev. denied* (Ky. Jun. 3, 2015).

Finally, on November 12, 2019, Owens filed a *pro se* petition for relief with the circuit court citing CR 60.02(e) and (f). In his petition, Owens presented a series of arguments disputing the sufficiency of the evidence upon which he was convicted. Owens's arguments are scattered and difficult to follow, but he appears to dispute (1) whether alcohol was proven to be in his system at the time of the incident, (2) whether the blood evidence at the scene was consistent with the Commonwealth's account of the crime, and (3) the truthfulness of an officer who viewed the commission of the crime. Owens ends the petition with a generalized complaint about the overall fairness of his jury trial. On April 27, 2020, the circuit court denied Owens's petition. This appeal followed.

## II. ANALYSIS

"We review the denial of a CR 60.02 motion for an abuse of discretion." *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015) (citing *Partin v. Commonwealth*, 337 S.W.3d 639, 640 (Ky. App. 2010)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014)

(internal quotation marks and citations omitted). "[W]e will affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id.* at 886 (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)).

The circuit court denied Owens's petition on grounds it was time-barred and successive. The circuit court did not abuse its discretion. First, in his petition, Owens specified CR 60.02(e) and (f) as grounds for relief, meaning he was required to bring the petition within "a reasonable time" under the rule. "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross*, 648 S.W.2d at 858. The Kentucky Supreme Court has affirmed a trial court's denial of a CR 60.02 motion as untimely when filed five years post-judgment. *Id.* Similarly, this Court has reasoned that denial of a CR 60.02 motion filed four years post-judgment would be within a trial court's discretion. *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007). Owens was tried and convicted in 2009, and the Kentucky Supreme Court affirmed the judgment and sentence on direct appeal in 2011. The circuit court did not abuse its discretion when it determined Owens's current petition was untimely filed in 2019.

Next, we agree that this appeal appears to be from a successive post-judgment motion, which is procedurally improper under the civil rules. "CR 60.02

does not permit successive post-judgment motions, and the rule may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley*, 425 S.W.3d at 884 (citing *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997)). The record reflects that Owens has previously filed motions under RCr 11.42 and CR 60.02, and his current petition presents nothing which could not have been previously raised in those efforts and nothing meriting the extraordinary relief which may be granted under CR 60.02. "The courts have much more to do than occupy themselves with successive 'reruns' of [postconviction] motions stating grounds that have or should have been presented earlier." *Hampton v. Commonwealth*, 454 S.W.2d 672, 673 (Ky. 1970) (citing *Kennedy v. Commonwealth*, 451 S.W.2d 158, 159 (Ky. 1970)).

### III. CONCLUSION

For the foregoing reasons, we affirm the Simpson Circuit Court's order denying relief pursuant to CR 60.02.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James Ricky Owens, *pro se*
Beattyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K. M. Martin
Assistant Attorney General
Frankfort, Kentucky