RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1103-MR

MARCUS BRITT                                      APPELLANT


                       APPEAL FROM BARREN CIRCUIT COURT
v.                    HONORABLE JOHN T. ALEXANDER, JUDGE
                         ACTION NO. 08-CR-00209


COMMONWEALTH OF KENTUCKY                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Marcus Britt appeals from the Barren Circuit Court's denial of his Kentucky Rule of Criminal Procedure (RCr) 10.02 motion for a new trial. We affirm.

In its opinion affirming Britt's convictions on direct appeal, our Supreme Court summarized the relevant underlying facts as follows:

On May 4, 2005, in Barren County, Kentucky, Amanda Pytko and Heather Johnson knocked on the door

of a trailer belonging to Dallas Flowers.  Flowers, without leaving his seat, told the women to come inside and they entered the trailer through an unlocked door.  The three individuals sat and talked for some time.  Pytko then went to use the restroom.  While Pytko was out of the room, Johnson asked Flowers if he was single and began to get "friendly" and "make advances."  Upon returning from the restroom, Pytko proceeded outside to smoke a cigarette.  At this point, Johnson pulled out a gun, which Flowers attempted to grab.  Pytko then came back inside the trailer and shot Flowers.  Gilbert Baize, who was waiting outside, quickly entered the premises and, with Pytko's assistance, covered Flowers' arms, legs, and mouth with duct tape.  Pytko pressed a gun against Flowers' head and demanded to know where his money was.  Flowers stated that he kept money hidden in a bookshelf in his bedroom, and Pytko took approximately $10,000 in cash.

After taking the money, Pytko and Johnson met Appellant, Marcus R. Britt, at a nearby motel, allegedly to share in the cash that had been stolen from Flowers.  According to the testimony of Johnson, Pytko, and Baize, it was [Britt] who formulated the plan to rob Flowers. All three individuals also stated that [Britt] provided the guns and duct tape . . . .

*Britt v. Commonwealth*, No. 2009-SC-000451-MR, 2010 WL 3377750, at *1 (Ky. Aug. 26, 2010) (*Britt I*).

In 2009, a jury acquitted Britt of complicity to assault in the first degree but convicted him of complicity to burglary in the first degree and complicity to robbery in the first degree.  In accordance with the jury's recommendation, the Barren Circuit Court sentenced Britt to thirty years'

imprisonment (fifteen years on each charge, to be served consecutively). In 2010,

our Supreme Court affirmed. *Britt I*, 2010 WL 3377750.

The Court rejected Britt's argument that his maximum possible

sentence was twenty years' imprisonment under Kentucky Revised Statute (KRS)

532.110(1)(c).[1] *Britt I*, 2010 WL 3377750, at *4. The Court explained that Britt's

complicity to burglary and complicity to first-degree robbery convictions were

each Class B felonies.[2] And, though Britt was not a persistent felony offender

(PFO), KRS 532.110(1)(c) required application of the PFO statute, KRS 532.080,

to determine his maximum sentence. KRS 532.080(6)(a)[3] provides in relevant part

---

[1] KRS 532.110 provides in relevant part:

> (1) When multiple sentences of imprisonment are imposed on a
> defendant for more than one (1) crime . . . the multiple sentences
> shall run concurrently or consecutively as the court shall determine
> at the time of sentence, except that:
>
> . . .
>
> (c) The aggregate of consecutive indeterminate
> terms shall not exceed in maximum length the
> longest extended term which would be authorized
> by KRS 532.080 for the highest class of crime for
> which any of the sentences is imposed. In no event
> shall the aggregate [sentence] . . . exceed seventy
> (70) years . . . .

[2] *See, e.g.*, *K.R. v. Commonwealth*, 360 S.W.3d 179, 186 (Ky. 2012) (holding that "under Kentucky law, a person who is complicit to an offense is treated as having committed the principal offense"); KRS 511.020(2) (providing that burglary in the first degree is, under these facts, a Class B felony); KRS 515.020(2) (providing that robbery in the first degree is, under these facts, a Class B felony).

[3] KRS 532.080 was amended in 2011 and 2012, but those amendments have no impact here.

that a PFO convicted of a Class A or B felony "shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than twenty (20) years nor more than fifty (50) years, or life imprisonment . . . ." In other words, Britt's maximum sentence was fifty years to life under KRS 532.080 and seventy years under KRS 532.110. Because his thirty-year sentence was less than either of those maximums, it was permissible. *Britt I*, 2010 WL 3377750, at *4 ("Appellant was convicted of complicity to first-degree burglary and complicity to first-degree robbery. Each of these is a Class B felony. KRS 511.020(2). KRS 532.110(1)(c) refers to KRS 532.080 – the persistent felony offender sentencing statute – to determine the longest maximum term available. Subsection (6)(a) of that statute indicates that a defendant convicted of a Class B felony is subject to a penalty 'the maximum of which shall not be less than twenty (20) years nor more than fifty (50) years, or life imprisonment[.]' In this instance, KRS 532.110(1)(c) allows the sentences to run consecutively because the sentence imposed does not exceed the longest extended term Appellant could get for a Class B felony under KRS 532.080, nor does it exceed the 70-year cap. Appellant's sentence of thirty years sits right in the middle of this range. Therefore, the trial judge was well within his discretion in ordering the sentences to run consecutively. Accordingly, we find no error.") (paragraph break omitted).

-4-

Thereafter, Britt began repeatedly seeking post-conviction relief. First, in 2011, Britt submitted a post-conviction motion pursuant to RCr 11.42, based primarily upon allegations of ineffective assistance of counsel. The trial court denied the motion and Britt did not appeal.[4]

Instead, soon thereafter, Britt submitted a motion pursuant to Kentucky Rule of Civil Procedure (CR) 60.02, based primarily upon allegations of ineffective appellate counsel. In August 2011, the trial court denied Britt's CR 60.02 motion. Britt appealed. We affirmed, holding that Britt's motion "alleges nothing unique or new to his case and does little more than rehash old defenses and rekindle his disagreement with the trial court, his attorneys and the jury's decision to convict him." *Britt v. Commonwealth*, 2011-CA-001550-MR, 2013 WL 2257701 (Ky. App. May 24, 2013) (*Britt II*). Our Supreme Court denied discretionary review.

In January 2014, Britt submitted his second, voluminous CR 60.02 motion, which raised allegations such as prosecutorial misconduct and perjurious testimony. The trial court denied Britt's motion in January 2014. We eventually dismissed Britt's appeal.

---

[4] Britt filed a motion for leave to file a second RCr 11.42 motion, but the trial court denied it and we denied Britt's motion to file a belated appeal. *Britt v. Commonwealth*, No. 2012-CA-000769-MR. Our Supreme Court denied discretionary review. *Britt v. Commonwealth*, No. 2013-SC-000074-D.

Britt filed his third CR 60.02 motion in September 2017. That motion, like the one at hand, also cited RCr 10.02 and 10.06 as bases for relief. RCr 10.02(1) provides in relevant part that "[u]pon motion of a defendant, the court may grant a new trial for any cause which prevented the defendant from having a fair trial, or if required in the interest of justice." RCr 10.06(1) requires a motion for a new trial to be "served not later than five (5) days after return of the verdict" unless it is "based upon the ground of newly discovered evidence[,]" in which case it "shall be made within one (1) year after the entry of the judgment or at a later time if the court for good cause so permits." The trial court denied the motion in January 2018, holding that it was impermissibly successive and presented arguments which had already been rejected or which should have been raised in Britt's previous motions.

Britt appealed, and we affirmed. *Britt v. Commonwealth*, 2018-CA-000201-MR, 2019 WL 494480 (Ky. App. Feb. 8, 2019) (*Britt III*). We succinctly held that "[a]ll the arguments raised in Britt's September 2017 motion either have been addressed previously or could have been raised in his prior RCr 11.42 or CR 60.02 motions. Accordingly, the trial court did not err by denying Britt's latest attempt at post-conviction relief." *Id.* at *1. We also rejected Britt's claim that the

trial court judge should have recused because Britt had not shown that he had filed a recusal motion.[5] *Id.* Our Supreme Court denied discretionary review.

Britt submitted his fourth CR 60.02 motion in September 2020. That motion argued that Britt should be placed on home incarceration due to the COVID-19 pandemic. The trial court denied the motion in November 2020.

Britt submitted his fifth CR 60.02 motion in November 2020. The trial court denied it as being successive and raising issues which had already been addressed. Britt then filed two notices of appeal. However, there is no indication that Britt paid the filing fee necessary to lodge either appeal or submitted a timely motion to proceed *in forma pauperis*.[6] Consequently, C-Track, our electronic case management system, does not show that either of those two appeals were docketed. Thus, the trial court's denial of those motions is not properly before us here.[7]

---

[5] Britt's co-counsel at trial was apparently the father of John Alexander, a current Barren Circuit Court judge. Britt again argues in this appeal that Judge Alexander should recuse. However, Britt again fails to cite to where he filed a recusal motion.

[6] Britt did submit a motion to proceed *in forma pauperis* (perhaps on appeal, though the motion does not so state with specificity) in July 2021, which the trial court denied in August 2021 because Britt had no matters pending at that time.

[7] In any event, the trial court did not abuse its discretion in denying either motion. We have rejected COVID-19 arguments similar to those made by Britt. *Martin v. Commonwealth*, 639 S.W.3d 433 (Ky. App. 2022). And the trial court's conclusion that Britt's fifth CR 60.02 motion was untimely, successive, and raised issues which actually were, or could have been, raised previously is sound. *See, e.g.*, *Britt I*; *Britt II*; *Britt III*; *Sanders v. Commonwealth*, 339 S.W.3d 427, 437-38 (Ky. 2011); *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014).

Later in August 2021, Britt submitted another motion for relief under RCr 10.02 and 10.06. Despite the argument having been consistently rejected, the only issue raised in Britt's motion is his insistence that "KRS 532.110(1)(c) puts a cap of his sentecne [sic] length at Twenty (20) years." Record (R.), Vol. V, at p. 62. The trial court denied Britt's motion in September 2021, holding that it was untimely and without merit. Britt then filed this appeal.

We review a trial court's decision to deny a motion for new trial under the deferential abuse of discretion standard. *Bedingfield v. Commonwealth*, 260 S.W.3d 805, 810 (Ky. 2008).

We begin by noting that Britt's only substantive argument in his three-page RCr 10.02 motion was that his sentence was capped at twenty years' imprisonment. But he strays wildly from that argument in his brief. For example, Britt argues his counsel was ineffective for failing to challenge the complicity charge, but that same argument is not contained in his RCr 10.02 motion. This argument appears to be an attempt to shoehorn ineffective assistance of counsel claims, which are the province of RCr 11.42 motions, into an appeal from the denial of a RCr 10.02 motion. Consequently, since the only argument properly before us in this appeal is whether Britt's sentence exceeds the statutory maximum, we decline to address any other arguments on the merits. *Parker v. Commonwealth*, 641 S.W.3d 197, 200 (Ky. App. 2022) ("With limited exceptions

-8-

not present here, such as some jurisdictional challenges, Kentucky precedent has unwaveringly held for decades that a party cannot raise new issues on appeal. That principle applies to criminal post-conviction challenges.") (citations omitted).[8]

As he has done many times, Britt again insists that his maximum sentence is twenty years' imprisonment. If Britt had been convicted of *one* Class B felony, his argument would likely have merit. But he was convicted of *two* Class B felonies. Thus, as the trial court and our Supreme Court have patiently and correctly explained multiple times, Britt's maximum sentence was not twenty years. After all, it is logical for a person convicted of two felonies to receive a greater penalty than a person convicted of one.

Because Britt repeatedly, and incorrectly, insists that his maximum sentence is twenty years, we shall explain the statutory sentencing mechanics one last time. KRS 532.110(1)(c) provides that the maximum sentence for persons, such as Britt, who have been convicted of multiple felonies is determined by applying the PFO statute, KRS 532.080. Applying the PFO statute is simply the

---

[8] Britt's brief is also deficient. Britt fails to provide ample citations to the specific portions of the record in his statement of the case, as required by CR 76.12(4)(c)(iv), or to where he preserved his arguments for review, as required by CR 76.12(4)(c)(v). Britt attached a lengthy appendix to his brief but has not provided a list of all documents included therein, or a citation to where the attachments may be found in the record, as required by CR 76.12(4)(c)(vii). Indeed, the appendix contains what purports to be a reply to the Commonwealth's response to Britt's RCr 10.02 motion, but no such reply to this motion appears in the record. Thus, the purported reply is not properly before us. *See* CR 76.12(4)(c)(vii); *Parker*, 641 S.W.3d at 200, n.3. Leniently, we have elected to not impose sanctions this time. However, we emphatically warn Britt that we will not hesitate to impose sanctions if he submits any materially deficient briefs in the future.

somewhat unwieldy procedural method chosen by the General Assembly to determine the maximum sentence of persons convicted of multiple felonies, such as Britt. It does not mean that Britt has been deemed to be a PFO.

In the plainest possible English, since Britt was convicted of two Class B felonies, KRS 532.110(1)(c) provides that his maximum sentence is whatever the maximum sentence would be for a PFO convicted of a Class B felony. KRS 532.080(6)(a) provides, under these facts, that a PFO convicted of a Class B felony shall be sentenced to a maximum of fifty years to life imprisonment. Britt's thirty-year sentence does not exceed that maximum. Even a forty-year sentence (the maximum twenty years for each standalone Class B felony, to be served consecutively) would not violate the statutory caps.

In addition, Britt's RCr 10.02 motion itself does not actually contain newly discovered evidence. It therefore was filed extremely tardily. Britt alleges the discovery of newfound evidence, but it appears as if the allegedly newfound evidence upon which he relies is the language of the complicity statute, KRS 502.020. Statutory language is not evidence. And Britt knew, or reasonably should have known, the language of KRS 502.020 – which has not been amended since 1974 – long ago.

In short, Britt's RCr 10.02 motion was untimely, successive, and without merit and so the trial court did not abuse its discretion by denying it.

Finally, the Commonwealth asks us to impose sanctions upon Britt for repeatedly filing frivolous post-conviction motions. We have set forth the procedural history of this case in more detail than we would usually deem necessary to highlight Britt's lengthy history of submitting meritless post-conviction motions. However, the trial court, which has encountered more of Britt's motions than have we, has not imposed sanctions.

Also, in a very recent opinion designated for publication, our Supreme Court cautioned the judiciary to not deprive even *pro se* litigants with a lengthy history of filing frivolous motions from having meaningful access to the courts. *See Violett v. Grise*, No. 2021-SC-0425-MR, 2022 WL 3640900, at *3-4 (Ky. Aug. 18, 2022) (citing Justice Noble's concurring opinion in *Lee v. George*, 369 S.W.3d 29 (Ky. 2012)). Thus, we decline to preemptively deny Britt the ability to submit future motions or be granted *in forma pauperis* status.

However, Britt does not have the right to abuse the judicial process. "The courts have much more to do than occupy themselves with successive 'reruns' of [post-conviction] motions stating grounds that have or should have been presented earlier." *Hampton v. Commonwealth*, 454 S.W.2d 672, 673 (Ky. 1970). In language directly applicable here, our Supreme Court has held that "[b]oth the patience and resources of this Court are stretched by repeated motions for post-conviction relief raising issues based on decade-old factual circumstances. [Britt]

-11-

is admonished, most forcefully . . . that this is an improper use of our post-conviction relief rules." *Baze v. Commonwealth*, 276 S.W.3d 761, 768 (Ky. 2008).

Thus, we caution Britt that the trial court may sanction him pursuant to CR 11 if he submits any additional frivolous motions.[9] For example, if Britt submits a baseless motion in the future, the trial court may impose monetary sanctions upon him under CR 11. And, if Britt fails to pay those sanctions, the court may hold him in contempt. *See, e.g.*, *Violett*, 2022 WL 3640900, at \*4. We may similarly impose sanctions if Britt files another frivolous appeal.

In short, we leniently decline to impose sanctions on Britt at this time. But we warn Britt that there is an **extremely strong** likelihood that he will be

---

[9] CR 11 provides in relevant part:

> A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address . . . . The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

sanctioned if he submits any more frivolous motions, especially if he again raises the same issues which have repeatedly been rejected.

For the foregoing reasons, the Barren Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Marcus R. Britt, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky