**Clair Joe CARDWELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2009–CA–002401–MR.

Court of Appeals of Kentucky.

Oct. 14, 2011.

Clair Joe Cardwell, LaGrange, KY, pro se.

Jack Conway, Attorney General of Kentucky, Heather M. Fryman, Assistant Attorney General, Frankfort, KY, for Appellee.

Before ACREE, MOORE and NICKELL, Judges.

*OPINION AND ORDER*

NICKELL, Judge:

Clair Joe Cardwell, *pro se,* appeals from the Jefferson Circuit Court's denial of his successive motion for relief pursuant to CR [1] 60.02(b) and CR 61.02. Having reviewed the record, the briefs and the law, we dismiss this appeal as frivolous under CR 73.02(4) and direct the circuit court to

---

1. Kentucky Rules of Civil Procedure.

deny all future requests for *in forma pauperis* status for subsequent collateral attacks on this conviction.

## FACTS

During a drug buy that went awry in 1987, Cardwell shot and killed a man after announcing he was there for a stickup. Cardwell was indicted on charges of murder,[2] robbery in the first degree,[3] and being a persistent felon (PFO) in the second degree.[4] A second indictment charged Cardwell as a persistent felon in the first degree[5] based on seven prior felony convictions.

During jury selection, Cardwell accepted the Commonwealth's offer and entered a plea of guilty. In conformity with the Commonwealth's offer, Cardwell was sentenced to twenty years on the murder charge and twenty years on the robbery charge. Both sentences were enhanced to life by virtue of the PFO I statute and ordered to run concurrently with one another and consecutively to a sixteen-year sentence Cardwell was already serving. Cardwell executed a petition to enter a guilty plea which recited the rights he was waiving; statements that he understood what the Commonwealth was required to prove to secure a conviction, that his attorney had done all he could to advise him, and, that there was nothing about the process he did not understand; and a waiver of a pre-sentence investigation report (PSI).

In 1992, Cardwell filed his **first** *pro se* post-conviction motion. Citing RCr[6] 11.42, he urged the trial court to set aside or correct the judgment, or in the alternative, hold an evidentiary hearing. He ar-

gued his appointed attorney had induced him to plead guilty, he had been deprived of effective assistance of counsel because his attorney advised him to plead guilty to being a persistent felon when the sentence for a murder conviction could not be enhanced, and there was no legal basis for his guilty plea to first-degree robbery because nothing was taken from the victim. On the strength of *Berry v. Commonwealth,* 782 S.W.2d 625 (Ky.1990), *overruled on other grounds by Chestnut v. Commonwealth,* 250 S.W.3d 288 (Ky.2008), the trial court vacated the enhanced sentence on the murder charge because a murder conviction is not subject to enhancement. The court then imposed the original twenty-year sentence on the murder conviction, and left the remainder of the judgment intact, noting in its order that KRS 515.020 requires only an attempted taking of property and there was sufficient evidence in the record to support a conviction for first-degree robbery because Cardwell entered the victim's home armed with a gun and announced he was there for a "stickup." The court also noted that during the guilty plea colloquy, Cardwell stated he was satisfied with his attorney's representation.

Cardwell appealed to us raising four claims—the guilty plea to first-degree robbery was unknowing and involuntary; he received ineffective assistance of counsel; he was denied an evidentiary hearing; and the trial court denied him a copy of the record to perfect his appeal. In April of 1994, we affirmed the trial court's opinion and order holding: 1) the record established his guilty plea was entered knowingly, intelligently and voluntarily; 2) Card-

---

2. Kentucky Revised Statutes (KRS) 507.020, a capital offense.

3. KRS 515.020, a Class B felony.

4. KRS 532.080(2).

5. KRS 532.080(3).

6. Kentucky Rules of Criminal Procedure.

well stated he was satisfied with counsel when he entered his guilty plea and he could not argue to the contrary on appeal; 3) the record sufficiently answered Cardwell's allegations so an evidentiary hearing was unnecessary; and 4) because there was no motion in the record for a copy of the record to prepare the appeal, nor an order denying such a request, any error was non-prejudicial. *Cardwell v. Commonwealth,* Case No. 1993–CA–000441–MR (rendered April 22, 1994, unpublished).

In 1997, Cardwell filed a **second** *pro se* post-conviction motion, this time citing RCr 11.42(1) and (3) as well as CR 60.02(e) and (f). This time he claimed the robbery portion of the judgment was void because once the court corrected the sentence for murder, it lost subject matter jurisdiction to enhance the robbery conviction; and he was denied effective assistance of counsel by his attorney's failure to discover three items—that a murder conviction could not be enhanced, that robbery was an included offense in the murder charge, and that the grand jury returned only one PFO indictment.

The trial court denied the combined RCr 11.42/CR 60.02 motion in an order entered on June 14, 1998, because nothing new was alleged. The court noted that two of Cardwell's allegations, the voluntariness of his guilty plea and whether counsel was ineffective, had already been decided against him, and his other claims could have, and indeed should have, been raised previously. In 2000, we affirmed the trial court's order on appeal, noting the motion was properly denied as successive. *Cardwell v. Commonwealth,* Case No. 1998–

CA–001916–MR (rendered June 9, 2000, unpublished).

In 2008, Cardwell filed his **third** *pro se* collateral attack, this one pursuant to CR 61.02 and CR 60.02(b). This time he argued: 1) enhancement should be dismissed; 2) he was denied due process of law and the trial court erred in not applying the rule of lenity; 3) he was denied a "heightened defense team" [7] and jury sentencing; and, 4) his sentences on the murder and robbery convictions were illegally run consecutively to a prior sentence. Accompanying the motion were requests for a full evidentiary hearing, *in forma pauperis* status, and appointment of counsel. On September 17, 2008, the trial court entered an opinion and order denying the requested relief, including appointment of counsel and an evidentiary hearing. It appears the ruling was not appealed to this Court.

On October 8, 2009, Cardwell filed his **fourth** *pro se* collateral attack. This time he raised five claims under CR 60.02(e) and (f). He argued the judgment was erroneous and unconstitutional; he was denied due process of law and application of the rule of lenity; he was denied a heightened defense team and jury sentencing; it was illegal for the court to run the sentences for murder and robbery consecutively to his prior conviction; and the Commonwealth should have included manslaughter in its offer on a guilty plea due to the mention of extreme emotional disturbance in the PSI. On October 21, 2009, the trial court denied the motion for the same reason it denied Cardwell's prior motion on September 17, 2008. This appeal followed.

---

7. Because the case was to be tried as a death penalty case, Cardwell alleged he was entitled to two court-appointed attorneys instead of only one. He also alleged he should have been given the option of jury sentencing on the murder conviction once the enhanced sentence was vacated.

Questioning the existence of any reasonable legal foundation for Cardwell's filing of this fourth collateral attack, on July 28, 2011, we ordered him to show cause why this appeal should not be dismissed as frivolous under CR 73.02(4) and sanctions imposed. He filed a one-page response with exhibits briefly recounting the details of his 1989 guilty plea, claiming a lack of legal knowledge, and asking us to tell him "if my case has merit." We answer that question in the negative, dismiss the appeal as frivolous, and impose sanctions.

## LEGAL ANALYSIS

■ We have detailed the events that have led us to this point with the fervent expectation that Cardwell has filed his last collateral attack on his 1989 conviction for murder, robbery in the first degree and being a first-degree PFO. Our case law has long held that we will not consider successive motions to vacate a conviction when those motions recite grounds for relief that have been or should have been raised earlier. *Butler v. Commonwealth*, 473 S.W.2d 108, 109 (Ky.1971). "The courts have much more to do than occupy themselves with successive 'reruns' of RCr 11.42 motions stating grounds that have or should have been presented earlier." *Hampton v. Commonwealth*, 454 S.W.2d 672, 673 (Ky.1970) (citing *Kennedy v. Commonwealth*, 451 S.W.2d 158, 159 (Ky. 1970)).

This Court has previously declined to entertain Cardwell's multiple successive collateral attacks. It is now time to take things a step further and deem his repeated filing of successive post-conviction motions, and his pursuit of appeals from the denials of those motions, to be "trifling with the court" which we will not countenance. *Burton v. Tartar*, 385 S.W.2d 168, 169 (Ky.1964). To be blunt, this appeal is frivolous—"it is so totally lacking in merit that it appears to have been taken in bad faith." CR 73.02(4).

■ Cardwell is acting *pro se*, and as such, he is not subject to the same standards as litigants represented by counsel. *Beecham v. Commonwealth*, 657 S.W.2d 234, 236 (Ky.1983). However, the judiciary's conciliatory attitude toward unrepresented parties is not boundless. More than a decade ago, we rendered an opinion in one of Cardwell's successive post-conviction appeals in which we advised him RCr 11.42(3) "prohibits 'successive' motions" for post-conviction relief. *Cardwell* (2000). He failed to heed our warning.

■ For the foregoing reasons, be it ORDERED, that Appeal No. 2009–CA–002401–MR is DISMISSED as frivolous. Furthermore, the United States Supreme Court has explained that every paper filed in court exhausts some of the court's limited resources. Thus, to best utilize its resources, where a *pro se* litigant files repetitive and frivolous claims, a court may bar prospective filings to prevent the deleterious effect of such filings on scarce judicial resources. *In re McDonald*, 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989); *see also Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998). Therefore, we direct the circuit court to deny all future requests for *in forma pauperis* status Cardwell files to pursue subsequent collateral attacks on this conviction.

ALL CONCUR.