SMALLWOOD, JUDGE:
Hosea Chatman appeals, pro se , from the McCracken Circuit Court's order denying his motion to vacate sentence under Kentucky Rule of Civil Procedure (CR) 60.02, entered February 12, 2018. We affirm the circuit court.
A grand jury indicted Chatman on March 5, 2010, on several charges arising from a robbery of a check-cashing business.[1] Chatman pleaded guilty to second-degree robbery,[2] second-degree fleeing *163 or evading police (on foot),[3] criminal attempt to disarm a peace officer,[4] third-degree assault,[5] third-degree criminal mischief,[6] resisting arrest,[7] and being a second-degree persistent felony offender (PFO).[8] He also entered an Alford[9] plea to two counts of kidnapping.[10] According to the terms of the plea agreement, Chatman was to receive a sentence of twenty years on each kidnapping charge, which were to run concurrently with each other. The sentences on the other charges were all less than twenty years and to run concurrently. Due to the second-degree PFO charge, Chatman was to receive an enhanced forty-year sentence in lieu of the sentence of twenty years. On October 26, 2011, the trial court sentenced Chatman to a total of forty years' imprisonment.
Chatman has extensively litigated his case following conviction. The lengthy procedural history was set out in Chatman's prior appeal of the denial of his CR 60.02 motion,[11] as follows:
Because he waived his right to direct appeal as part of his unconditional guilty plea, Chatman filed a motion for post-conviction relief under [Kentucky Rule of Criminal Procedure (RCr) ] 11.42 and CR 60.02 on May 16, 2012. Chatman's motion alleged an improper denial of a Faretta[12] hearing and ineffective assistance of counsel. This motion was denied by the circuit court, and the circuit court ruling was affirmed by a panel of this court on January 17, 2014, with discretionary review denied by the Kentucky Supreme Court on February 11, 2015.[13] On July 11, 2014, Chatman filed another motion for post-conviction relief under CR 60.02, alleging prosecutorial misconduct, ineffective assistance of counsel, and that the Commonwealth violated his plea agreement by not returning his glasses. On July 27, 2015, the circuit court denied Chatman's motion on grounds that he had already filed unsuccessful post-conviction motions, and that he was not entitled to argue issues which could have been and should have been raised previously.
Chatman II , 2016 WL 6134899, at *1 (footnotes added).
In Chatman II , Chatman unsuccessfully raised five issues relating to the denial of his CR 60.02 motion: (1) the circuit court erred in finding the Commonwealth's failure to abide by the plea agreement did not permit Chatman to withdraw his guilty *164 plea; (2) the circuit court erred in finding his due process rights were not violated by the denial of a suppression motion; (3) the circuit court erred in finding no violation of Chatman's right to present a defense pursuant to Faretta ; (4) ineffective assistance of appellate counsel, and (5) the circuit court denied Chatman due process by denying his CR 60.02 motion without an evidentiary hearing. This Court affirmed the circuit court's denial of the CR 60.02 motion on October 21, 2016, concluding Chatman should have raised his arguments in his earlier post-conviction motions and his claims were without merit.
Undaunted, Chatman filed the present CR 60.02 motion in the circuit court on January 2, 2018. The circuit court denied the motion, having found Chatman failed to meet his burden pursuant to CR 60.02. This appeal followed.
The standard of review concerning a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. Foley v. Commonwealth , 425 S.W.3d 880, 886 (Ky. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Commonwealth v. English , 993 S.W.2d 941, 945 (Ky. 1999). Furthermore, "a CR 60.02 movant must demonstrate why he is entitled to this special, extraordinary relief." McQueen v. Commonwealth , 948 S.W.2d 415, 416 (Ky. 1997).
Chatman claims the trial court erred in sentencing him to an unlawful term of imprisonment for the lower charges on his guilty plea because his record with the Department of Corrections shows he received a forty-year sentence for all the related charges. The Commonwealth argues the trial court correctly denied Chatman's motion because of its duplicative and successive nature. While it is likely his motion is successive, we need not consider this. Chatman's argument fails on the merits. Therefore, the trial court did not abuse its discretion in denying Chatman's motion.
The most serious felony convictions Chatman received were two Class B felony kidnapping charges. Although Chatman entered Alford pleas to these kidnapping charges, we must treat them as ordinary convictions for the purposes of the PFO statute. Brown v. Commonwealth , 174 S.W.3d 421, 432 (Ky. 2005) (citation omitted). Since Chatman pleaded guilty to PFO in the second degree, KRS 532.080(5) applies:
A person who is found to be a persistent felony offender in the second degree shall be sentenced to an indeterminate term of imprisonment pursuant to the sentencing provisions of KRS 532.060(2) for the next highest degree than the offense for which convicted.
KRS 532.110(1) governs consecutive sentences and states in relevant part:
When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:
(c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed. In no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years[.]
Moreover, the Commentary to KRS 532.110 provides "[f]or example, if an offender stands convicted of three offenses *165 ... [and] the greatest of his offenses is a Class C felony, his consecutive sentences when accumulated could equal an indeterminate term having a maximum of no more than twenty years."
The trial court applied the sentencing range for a Class A felony, the next highest degree of offense, to Chatman's Class B felony charges. Therefore, the longest aggregate sentence Chatman could have received was the maximum length authorized for a Class A felony as enhanced by his PFO status. KRS 532.080. The maximum prison sentence "[f]or a Class A felony [is] not less than twenty (20) years nor more than fifty (50) years, or life imprisonment[.]" KRS 532.060(2)(a). Chatman pleaded to an aggregate sentence of forty years. Under the PFO enhancement, this sentence is valid because it falls below fifty years or life imprisonment.
The forty-year sentence to which Chatman pleaded guilty is both well within the sentencing range of KRS 532.060(2)(a) and lower than the maximum consecutive sentence pursuant to KRS 532.110(1). The plain language of the statutes, the reasoning of the KRS 532.110 Commentary, and our case law all allow the imposition of a sentence of forty years' imprisonment for a Class B felony enhanced by a PFO status in the second degree. Therefore, Chatman's motion is unmeritorious.
For the foregoing reasons, we affirm the McCracken Circuit Court's order denying Chatman's motion to vacate sentence entered February 12, 2018.
ALL CONCUR.

The underlying facts of this case are not at issue and were set out in detail by a separate panel of this Court in Chatman v. Commonwealth , 2012-CA-001179-MR, 2014 WL 199066 (Ky. App. Jan. 17, 2014) (hereinafter, Chatman I ).

Kentucky Revised Statute (KRS) 515.030, a Class C felony.

KRS 520.100, a Class A misdemeanor.

KRS 508.160, a Class A misdemeanor.

KRS 508.025, a Class D felony.

KRS 512.040, a Class B misdemeanor.

KRS 520.090, a Class A misdemeanor.

KRS 532.080(2).

North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). An Alford plea "permits a conviction without requiring an admission of guilt and while permitting a protestation of innocence." Wilfong v. Commonwealth , 175 S.W.3d 84, 103 (Ky. App. 2004). "The entry of a guilty plea under the Alford doctrine carries the same consequences as a standard plea of guilty." Id. at 102 (internal quotation marks omitted).

KRS 509.040, a Class B felony.

Chatman's prior appeal was before another panel of this Court. Chatman v. Commonwealth , 2015-CA-001217-MR, 2016 WL 6134899 (Ky. App. Oct. 21, 2016) (hereinafter, Chatman II ).

Faretta v. California , 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (upholding a criminal defendant's right to represent himself at trial if, after conducting a hearing, the circuit court finds no recognized exceptions apply).

Chatman I , 2014 WL 199066.