RENDERED: NOVEMBER 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0902-MR

TIFFANY HODGES                                           APPELLANT


                    APPEAL FROM HARDIN CIRCUIT COURT
v.                 HONORABLE JOHN D. SIMCOE, JUDGE
                    ACTION NO. 14-CR-00566


COMMONWEALTH OF KENTUCKY                       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND TAYLOR, JUDGES.

JONES, A., JUDGE: Tiffany Hodges, *pro se*, appeals the order of the Hardin Circuit Court denying relief in response to her fifth post-conviction motion. We affirm.

## I. BACKGROUND

On June 19, 2015, Hodges entered a guilty plea to complicity to murder, complicity to kidnapping, and theft by unlawful taking (over $500, less

than $10,000).  The charges stemmed from Hodges' role in the kidnapping and murder of Saul Flores with her co-defendant, Octavio Correa.  In exchange for her truthful testimony at Correa's trial, the Commonwealth agreed not to seek the death penalty against Hodges and would instead ask the trial court to impose a total sentence of 20 to 50 years' incarceration or life.  On November 24, 2015, Hodges appeared before the trial court for sentencing.  The Commonwealth acknowledged her role in the conviction of Correa as well as her willingness to cooperate and asked the court to impose the minimum sentence of 20 years' incarceration.  Hodges was sentenced to 20 years for complicity to murder, 20 years for complicity to kidnapping, and 5 years for theft by unlawful taking; all terms to run concurrently for a total of 20 years' imprisonment.  She did not appeal her conviction.

Hodges' first post-conviction motion for relief was filed four and one-half years after her conviction.  On May 19, 2020, Hodges requested modification of her sentence due to the COVID-19 pandemic, arguing an increased risk of infection in the prison system.  The trial court denied her motion.

Hodges' second motion for "sentence modification pursuant to CR[1] 60.02" was filed on December 2, 2020.  Therein, Hodges argued her sentence was

---

[1] Kentucky Rule of Civil Procedure.

excessive. An order denying her motion was entered by the trial court on December 15, 2020. On February 1, 2021, Hodges filed a notice of intent to appeal and motioned the trial court to allow her to proceed *in forma pauperis*. On February 5, 2021, the trial court entered an order denying the motion because Hodges failed to include an affidavit of indigency. On February 26, 2021, she filed a notice of intent to appeal in this Court. However, because the order on appeal was entered on December 15, 2020, this Court dismissed the appeal as untimely on May 10, 2021.[2]

Hodges' third motion for "sentence modification pursuant to CR 60.02" was filed on July 9, 2021. It was substantively the same as her prior motion. The trial court entered an order denying relief on July 21, 2021. At that time, Hodges attempted to file a belated appeal in the Kentucky Supreme Court. An order was entered denying relief and dismissing the appeal on June 29, 2022.

On August 12, 2022, Hodges filed her fourth motion for relief pursuant to CR 60.02. The trial court entered an order denying relief on August 29, 2022. On September 12, 2022, Hodges filed another motion that was substantively the same as the one denied just two weeks prior by the trial court. Another order denying relief was entered on December 27, 2022. The trial court entered a separate order on the same date that appointed the Department of Public

---

[2] *See* Kentucky Court of Appeals Case No. 2021-CA-0258-MR.

Advocacy ("DPA") to represent Hodges on appeal. On August 1, 2023, DPA filed a motion for belated appeal in this Court, explaining that it did not receive the trial court's order regarding appointment of counsel for appeal, and only found out about the appeal after Hodges contacted its office. Although the Commonwealth objected, this Court entered an order granting the belated appeal on October 5, 2023. However, on December 18, 2023, DPA filed a motion to withdraw as counsel, citing, in relevant part, that "this 'post-conviction proceeding . . . is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense.' KRS[3] 31.110(2)(c). Thus, it appears that the Appellant has 'no further right to be represented by counsel under the provisions of the [Public Advocacy Statutes].' KRS 31.110(2)(c)." This Court granted DPA's motion to withdraw and Hodges now proceeds *pro se* on appeal.

## II. STANDARD OF REVIEW

Generally, a trial court's denial of a motion for post-conviction relief is reviewed for an abuse of discretion. *Chatman v. Commonwealth*, 565 S.W.3d 161, 164 (Ky. App. 2018); *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011). The trial court's exercise of discretion will not be disturbed absent a determination that it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

---

[3] Kentucky Revised Statute.

## III. ANALYSIS

We begin by noting the deficiencies in Hodges' brief. In contravention of RAP[4] 32(A)(3) - (4), the brief contains no citations to the record whatsoever. In contravention of RAP 32(E)(1)(a), the order on appeal is not contained in the appendix of the brief. Finally, in contravention of RAP 32(E)(1)(c), the appendix contains materials not found in the record on appeal.

"While *pro se* litigants are sometimes held to less stringent standards than lawyers in drafting formal pleadings, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of [Appellate] Procedure." *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009). The rules of appellate procedure are "critical" to effective appellate review and substantial compliance is mandatory. *Oakley v. Oakley*, 391 S.W.3d 377, 380-81 (Ky. App. 2012). This Court has three options when a party fails to follow the mandates of the RAP: ignore the deficiency, strike the brief in whole or in part, or review only for manifest injustice. *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021);[5] *see also* RAP 31(H) which

---

[4] Kentucky Rule of Appellate Procedure.

[5] The manifest-injustice standard of review is reserved only for errors in appellate briefing related to the statement of preservation; if a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as unpreserved. *Ford*, 628 S.W.3d at 155.

states that this Court may strike a brief "for failure to substantially comply with the requirements of these rules." While we decline to strike Hodges' brief at this time, we caution that this Court may not afford such generosity in the future.

Hodges presents three arguments on appeal. However, in each of her preservation statements, she cites the order denying relief entered by the trial court on February 5, 2021. As noted *infra*, this order addressed only Hodges' motion to proceed *in forma pauperis*. The substantive order on appeal at the time was entered by the trial court on December 15, 2020; however, because Hodges' notice of intent to appeal was not filed with this Court until February 26, 2021, it was dismissed as untimely by this Court. If it was untimely in 2021, it is certainly still untimely in 2024, and we will not consider it. Hodges makes no reference to the *actual* order on appeal, which was entered by the trial court on December 27, 2022.

In the motion currently on appeal, Hodges requested that her sentence be reduced from 20 to 10 years' imprisonment, citing the Eighth Amendment to the United States Constitution, as well as ineffective assistance of counsel. The trial court acknowledged that no motion pursuant to RCr[6] 11.42 was ever filed. Pursuant to RCr 11.42(10), a claim for ineffective assistance of counsel shall be made not more than three years after the entry of final judgment. Accordingly, any

---

[6] Kentucky Rule of Criminal Procedure.

claim that Hodges is attempting to make regarding ineffective assistance of counsel – whether pursuant to RCr 11.42 or cloaked in other language – is time barred.

Careful review of the record before us shows that, although she has attempted to characterize her numerous post-conviction motions in a myriad of ways over the years, the substance of her request has remained the same: Hodges clearly regrets entering into the plea agreement and agreeing to the sentence imposed, which she now claims is excessive. However, we note that, at the hearing in which Hodges entered her guilty plea, the trial court went over the terms of the plea agreement with her for almost thirty-five minutes before entry of her plea. She indicated numerous times that she understood the sentencing range and that sentencing would be at the sole discretion of the trial court. She also indicated she understood the charges against her, the Commonwealth's evidence, and that her attorney had provided sound legal advice and had gone over all options with her, including possible defenses. At sentencing, Hodges asked for and received the lowest possible sentence in the range that she agreed to as part of her guilty plea. The fact that she now wants a reduced sentence is not a valid reason for post-judgment relief.

The trial court's order denying relief in this instance states, in relevant part, that "[t]his motion is substantially the same as other motions filed by Hodges." We agree and remind Hodges that "the judiciary's conciliatory attitude"

towards *pro se* litigants that file "repetitious and frivolous claims" is not without bounds. *Cardwell v. Commonwealth*, 354 S.W.3d 582 (Ky. App. 2011). Indeed, "a court may bar prospective filings to prevent the deleterious effect of such filings on scarce judicial resources." *Id.* at 585. Although we decline to do so at this time, we again warn Hodges that such generosity may not be afforded in the future.

## IV. CONCLUSION

For the foregoing reasons, the order of the Hardin Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Tiffany Hodges, *pro se*<br>Pewee Valley, Kentucky | Russell Coleman<br>Attorney General of Kentucky |
| | Todd D. Ferguson<br>Assistant Attorney General<br>Frankfort, Kentucky |