RENDERED: NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1428-MR

WILLIAM P. EVANS                                        APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.                HONORABLE PATRICIA MORRIS, JUDGE
ACTION NO. 84-CR-001398


COMMONWEALTH OF KENTUCKY                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: William P. Evans, *pro se*, appeals an order of the Jefferson Circuit Court entered October 26, 2023, denying his request for relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. We affirm.

In 1985, Evans was convicted of first-degree rape, first-degree sodomy, and first-degree persistent felony offender status and was sentenced to life imprisonment. His conviction was affirmed by the Kentucky Supreme Court on direct appeal. *Evans v. Commonwealth*, 702 S.W.2d 424 (Ky. 1986). In December

1986, Evans filed a motion to have his conviction vacated pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The trial court denied his motion and this Court dismissed the appeal for being untimely. (Appeal No. 1987-CA-0237-MR). In June 2000, Evans filed a motion for relief pursuant to CR 60.02, which was denied by the trial court. This Court affirmed, ruling that all issues raised by Evans were known to him during the jury trial and should have been brought up on direct appeal. (Appeal No. 2000-CA-2399-MR). The Kentucky Supreme Court denied discretionary review. In 2007, Evans filed another motion that challenged the Commonwealth's expert witness testimony during the trial and demanded DNA testing of pubic hairs found during the investigation. Although Evans did not cite legal authority for bringing the post-conviction motion, the trial court treated it as a motion pursuant to CR 60.02 and denied relief. Evans did not appeal that order.

In September of 2023, Evans filed his third post-conviction motion for relief pursuant to CR 60.02. He argued that biological evidence had been destroyed by the Commonwealth which constituted "newly discovered evidence." He also raised issues regarding the sufficiency of evidence introduced at the trial; the testimony of the Commonwealth's expert; and jury selection issues related to race. The trial court found that all issues except the destruction of evidence were untimely and should have been raised on direct appeal. Regarding DNA testing of

biological evidence and destruction of said evidence, the trial court found that it did not pertain to the discovery of new evidence and did not constitute extraordinary circumstances contemplated by CR 60.02(f). This appeal followed.

On appeal, the trial court's denial of a motion pursuant to CR 60.02 will not be overturned absent an abuse of discretion. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). The trial court's exercise of discretion will not be disturbed absent a determination that it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Evans first argues he is entitled to a presumption of innocence based on newly discovered evidence. This "newly discovered evidence," he asserts, is the fact that the biological evidence was destroyed after the trial. Evans also (1) argues the evidence presented at trial was insufficient to convict him; (2) takes issue with the testimony of the Commonwealth's expert witness; and (3) argues jurors were struck solely due to race.

CR 60.02 provides:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than

perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

Notably, "CR 60.02 does not permit successive post-judgment motions, and the rule may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley*, 425 S.W.3d at 884 (citation omitted). CR 60.02 "is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997); *see also Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009).

We agree with the trial court that most of Evans' arguments are either successive, untimely, or both, being brought thirty-eight years after his conviction. Moreover, with the exception of the argument related to destruction of evidence, each argument was known to Evans at the time of the trial and should have been raised on direct appeal. The trial court did not abuse its discretion in denying relief.

We now turn to Evans' argument regarding destruction of biological evidence (namely, pubic hairs that were discovered during the investigation). Evans cites CR 60.02(f) while at the same time arguing that destruction of the evidence in and of itself is "newly discovered evidence" as referenced in CR 60.02(b). The trial court treated the argument as though it was made pursuant to CR 60.02(f) and we shall do the same.

We note the following from the trial court's order from 2007, which denied relief to Evans in response to what it treated as his second post-conviction motion pursuant to CR 60.02. At the time, Evans requested DNA testing of the pubic hairs found during the investigation.

> According to [Evans'] motion, the expert for the prosecution testified that there were no sperm cells present in the swabs from the victim and there was insufficient blood found on the knife for any type of testing to be done. Additionally, [Evans'] motion asserted that the only hairs found on the victim were determined to be her own or that of an unknown party. None were attributed to [Evans]. As such, it appears that there would be no probative value in DNA testing in this matter. **None of the physical evidence was used to connect [Evans] to the crime and, therefore, DNA could not be used to contradict any of the evidence presented at trial.**

October 26, 2023, Order at 3 (emphasis added).[1]

---

[1] Because the trial proceedings do not appear in the record before us as either a recording or transcript, and the Kentucky Supreme Court opinion affirming William P. Evans' conviction is scant regarding the factual and procedural background of the case, we do not know what

In other words, Evans was not convicted based on the available physical and/or biological evidence at the time. Because of this, the trial court found DNA testing would have no probative value.[2] The fact that the trial court denied Evans' request for DNA testing in 2007, and Evans failed to appeal the order, should have been the end of the matter. Nevertheless, Evans attempted to revisit the issue in a successive CR 60.02 motion filed sixteen years after his first attempt. It is unclear from the record when the biological evidence pertaining to this case was destroyed; however, we note that Kentucky Revised Statutes (KRS) 524.140, which sets forth the requirements for disposal of biological evidence that may be subject to DNA testing, was not enacted until 2002, or seventeen years after Evans' conviction. Evans cites no legal authority regarding destruction of evidence and its role in this case. Accordingly, the trial court did not abuse its discretion in denying relief to Evans.

Finally, we reiterate that CR 60.02 should only be used to provide relief when the movant demonstrates why he or she is entitled to the special,

---

evidence was presented by the Commonwealth that resulted in Evans' conviction. However, it is well-settled law in Kentucky that "[w]hen the record is incomplete, this Court must assume that the omitted record supports the trial court." *Chestnut v. Commonwealth*, 250 S.W.3d 288, 303 (Ky. 2008) (citation omitted).

[2] *See* Kentucky Revised Statute (KRS) 17.176. Further, KRS 422.285(1) and KRS 422.287 are inapplicable because Evans' case was not pending in 2007, when he filed the motion, and he had not been sentenced to death. These statutes were also not enacted until 2002.

*extraordinary relief* provided by the rule. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). This is Evans' third attempt to obtain relief under CR 60.02, and many of his arguments are repetitive (*e.g.*, sufficiency of evidence; the testimony of the Commonwealth's expert witness). We remind Evans that "the judiciary's conciliatory attitude" towards *pro se* litigants that file "repetitious and frivolous claims" is not without bounds. *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011). Indeed, "a court may bar prospective filings to prevent the deleterious effect of such filings on scarce judicial resources." *Id.* at 585. Although we decline to do so at this time, we warn Evans that such generosity may not be afforded in the future.

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

William P. Evans, *Pro Se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky