RENDERED: NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1022-MR

KIMBERLY SLUSHER                                             APPELLANT

v.
APPEAL FROM ROCKCASTLE CIRCUIT COURT
HONORABLE TERESA KAY WHITAKER, JUDGE
ACTION NO. 15-CR-00081-001

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, ECKERLE, AND GOODWINE, JUDGES.

ECKERLE, JUDGE: Kimberly Slusher brings this *pro se* appeal from the
Rockcastle Circuit Court's order denying her "Modified Motion to Amend Final
Judgment, Pursuant to RCR 60.02, RCR 60.03, and the 6th, 8th, and 14th
Amendments of the United States Constitution and Sec. 17 and Sec. 115 of the
Kentucky Constitution" (hereinafter referred to as Slusher's "Motion" or the
"Motion"). Finding no basis for relief, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In February of 2017, Slusher pleaded guilty to murder, first-degree robbery, first-degree burglary, and tampering with physical evidence. On March 24, 2017, Slusher was sentenced to serve 50 years' imprisonment. On December 16, 2017, Appellant filed a motion to alter, amend, or vacate final judgment, which the Trial Court denied on January 2, 2018. On December 1, 2020, and July 12, 2022, Slusher filed motions for relief pursuant to Kentucky Rules of Civil Procedure ("CR") 60.02. The Trial Court denied the motions on January 31, 2022, and September 20, 2022, respectively. On May 23, 2023, Slusher filed the Motion underlying this appeal. Slusher argued the following: (1) she is innocent of the subject crimes; (2) her attorney and the Commonwealth's Attorney coerced her into accepting a plea deal by threatening the imposition of the death penalty; (3) her counsel failed to pursue a voluntary intoxication defense; and (4) police used excessive force during her arrest. By order dated August 4, 2023, the Trial Court denied Slusher's Motion as successive, untimely, and meritless. Slusher appealed to this Court as a matter of right.

In Slusher's appeal, she abandons several arguments made in the Motion, instead requesting CR 60.02 and CR 60.03 relief based on the following allegations: (1) she was coerced to plead guilty due to the Commonwealth's threat to seek the death penalty; (2) defense counsel was ineffective for failing to secure

the suppression of evidence, pursue a voluntary intoxication defense, and obtain a transfer of venue; (3) law enforcement used excessive force during her arrest; and (4) the cumulative effect of the errors necessitates relief from judgment.

## STANDARD OF REVIEW

A CR 60.02 motion is an extraordinary remedy only available to correct a "substantial miscarriage of justice." *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966). It is well-settled law that a motion pursuant to CR 60.02 is not a substitute for a direct appeal or a motion made under Kentucky Rules of Criminal Procedure ("RCr") 11.42. *See*, *e.g.*, *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). A trial court's ruling on a CR 60.02 motion is reviewed for an abuse of discretion and will only be overturned to remedy a "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## ANALYSIS

### I. *Kentucky Rules of Appellate Procedure*

As a preliminary matter, our analysis commences with an examination of Slusher's failure to comply with Rule 32(A)(3) and (4) of the Kentucky Rules of

-3-

Appellate Procedure ("RAP"). More specifically, RAP 32(A)(3) requires appellate briefs to include a statement of the case summarizing "the facts and procedural events . . . with ample references to the specific location in the record supporting each of the statements contained in the summary." Likewise, RAP 32(A)(4) mandates that an appellate brief include an argument section "with ample references to the specific location in the record and citations of authority pertinent to each issue of law and . . . a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."

RAP 32(A)(3) and (4) are not hollow guidelines reflecting a stylistic preference; rather, these two specific rules significantly assist our "already over-burdened" judiciary. *J.P.T. v. Cabinet for Health & Fam. Servs.*, 689 S.W.3d 149, 152 (Ky. App. 2024) (citing *Commonwealth v. Roth*, 567 S.W.3d 591, 594-95 (KY. 2019)). As the Kentucky Supreme Court stated, "[s]upporting factual assertions with pinpoint citations may, in fact, be the most substantial requirement of CR 76.12 [now RAP 32]." *Roth*, 567 S.W.3d at 595 (citing *Jackson v. Commonwealth*, No. 2015-SC-000445-MR, 2016 WL 7665877, *6 (Ky. Dec. 15, 2016)); *see Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019) (stating that CR 76.12, which utilized substantially the same language as RAP 32, was "designed to save the appellate court the time of canvassing the record in order to determine if the claimed error was properly preserved for appeal").

-4-

An appellate practitioner's failure to substantially comply with RAP 32(A)(3) and (4) can result in severe sanctions, one of the harshest being striking of the incompliant brief and dismissal of the appeal. *See* RAP 31(H)(1) ("A brief may be stricken for failure to substantially comply with the requirements of these rules."). *Pro se* litigants, however, must simply demonstrate a "good faith attempt to comport" with the requirements of RAP 32. *See Hallis v. Hallis*, 328 S.W.3d 694, 698 (Ky. App. 2010) ("[W]e have every reason to expect the briefs filed by *pro se* appellate advocates to demonstrate a good faith attempt to comport with CR 76.12 [now RAP 32], our rule for preparing briefs.") (citing *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 537 (Ky. 2007)).

Slusher's appellate brief fails to provide a single citation to the record on appeal, including corresponding citations to her factual assertions and preservation statements. Perplexingly, though, Slusher complied with other arduous portions of the RAP, including an orderly presentation of points of authorities and the pages that cite to those authorities. *See* RAP 32(A)(2). Therefore, Slusher's complete omission of any citations to the record demonstrates that she made no attempt to comply with RAP 32(A)(3) and (4), as she clearly has, at minimum, a rudimentary understanding of the basic RAP requirements. This Court undoubtably has the discretion to sanction such a palpable disregard for the

RAP.  *See*, *e.g.*, *Roth*, 567 S.W.3d at 595-96 (holding that a proper sanction for failing to comply with procedural rules governing citations to the record is to strike the appellate brief and dismiss the appeal).  However, in the interest of judicial economy – considering Slusher will undoubtably refile another CR 60.02 motion if the merits of her appeal are not addressed herein – we will conditionally disregard her RAP deficiencies and proceed with our analysis below.  Our leniency should not be taken as precedent.  We warn Slusher that future RAP violations will be met with the appropriate consequences.

### II.   *CR 60.02*

CR 60.02 provides numerous grounds for relief from a final judgement, including:  (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence; (c) perjury or falsified evidence; (d) fraud affecting the proceedings; (e) a void, satisfied, released, or discharged judgment; or (f) any other reason of an extraordinary nature justifying relief.  While motions requesting relief under CR 60.02(a)-(c) must be filed within one year after entry of judgment, motions made pursuant to subsection (f) must only be filed within a reasonable time.

As the Trial Court determined, Slusher's grounds for relief fell under CR 60.02(f), as she did not make any cognizable arguments that the judgment was void under subsection (d) or (e), and the one-year time limitation of subsections

(a)-(c) had passed.[1] Even assuming Slusher's allegations for relief pursuant to CR 60.02(f) were true, the Trial Court concluded that the Motion was "procedurally impermissible" because it was not only untimely, but also successive to her past CR 60.02 motions. Apart from these determinative procedural defects, the Trial Court also briefly discussed the merits of Slusher's Motion under CR 60.02(f), ruling that her arguments failed to demonstrate that the alleged coercion, ineffective assistance of counsel, and excessive force justified extraordinary relief.

Having reviewed the record on appeal, the arguments of both the Commonwealth and Slusher, and the applicable rules and law, we find that the Trial Court's order was based on sound legal reasoning. Regarding the Trial Court's procedural ruling, the record reflects that Slusher's Motion is successive to two previous CR 60.02 motions. The allegations made in Slusher's Motion, including coercion, claims of ineffective assistance of counsel, and excessive force were reasonably known to her prior to the Trial Court's final judgment. Slusher was obligated to raise these issues in her first post-conviction motion. *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) ("CR 60.02 does not permit

---

[1] In Slusher's Motion, she alleges that the Commonwealth coerced her spouse into making perjured statements. While she abandons this argument on appeal, we agree with the Trial Court that this particular ground for relief falls under CR 60.02(c), and is, therefore, barred by the one-year limitation. Moreover, considering CR 60.02(c) is applicable, relief pursuant to subsection (f) is not available. *Commonwealth v. Spaulding*, 991 S.W.2d 651, 655 (Ky. 1999) ("CR 60.02(f) is a catch-all provision that encompasses those grounds, which would justify relief pursuant to writ of coram nobis, that are not otherwise set forth in the rule.").

successive post-judgment motions[.]").  Consequently, the Trial Court did not abuse its discretion in ruling that Slusher's Motion – her third successive CR 60.02 motion – is procedurally improper.  *See Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009) ("Our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings.").

Furthermore, under the circumstances, we find no abuse in the Trial Court's discretion to bar Slusher's Motion as untimely.  Slusher filed her Motion in May of 2023, despite the Trial Court issuing final judgment six years prior in March of 2017.  *See Gross*, 648 S.W.2d at 858 (holding that the trial court did not abuse its discretion by finding a five-year delay between the final judgment and the CR 60.02 motion exceeded a reasonable time); *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007) (stating that a CR 60.02 motion filed four years after a guilty plea could be considered untimely).

Notwithstanding our affirmance of the Trial Court's ruling based on the procedural confines of CR 60.02, we note our agreement with the Trial Court's determination that Slusher should have raised arguments concerning ineffective assistance of counsel in a RCr 11.42 motion.  *See McQueen*, 948 S.W.2d at 416 ("CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other

proceedings."); *see also Gross*, 648 S.W.2d at 857 (A defendant who is in custody under sentence or on probation, parole or conditional discharge, is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him.). However, to date, Slusher has not availed herself of the opportunity for relief pursuant RCr 11.42.

### III.    CR 60.03

Slusher's appeal also seeks relief pursuant to CR 60.03. This Rule provides as follows:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

We easily reject Slusher's argument based on a straightforward application of the plain language of CR 60.03.

First, Slusher utilizes the same grounds to support her argument as she does in her claim to entitlement for relief pursuant to CR 60.02. As we affirmed herein, Slusher's Motion pursuant to CR 60.02 is procedurally barred, thereby rendering relief under CR 60.03 inappropriate. Additionally, and as the Trial Court correctly ruled, CR 60.03 requires a separate, independent action, which Slusher failed to pursue. *See Jackson v. Commonwealth*, 640 S.W.3d 99,

-9-

103 (Ky. App. 2022) ("The plain language of CR 60.03 requires a separate, independent action[.]").

### IV. *Sanctions*

Before concluding, we address the Commonwealth's request for this Court to impose sanctions on Slusher in the form of instructing the Trial Court to deny any future CR 60.02 motions. While we decline the Commonwealth's request, we do agree that measures must be taken to curb Slusher from filing meritless post-conviction motions. For example, in *Cardwell v. Commonwealth*, this Court sanctioned the appellant for filing frivolous, successive post-conviction motions. 354 S.W.3d 582, 585 (Ky. App. 2011). This Court directed the Trial Court to deny any future requests from appellant for *in forma pauperis* status to pursue subsequent collateral attacks. *Id.* However, in *Cardwell*, we warned appellant in a prior appeal to stop filing successive post-conviction motions. *Id.* Accordingly, at this time, we encourage Slusher "to heed our warning" that successive motions to vacate a conviction based on grounds that have been, or should have been, raised is not only improper, but may necessitate sanctions in the future. *Id.*

To conclude, this Court will not tolerate Slusher's continued filing of successive, meritless CR 60.02 motions. Moreover, should Slusher file additional

-10-

appellate briefs, any failure to comply with the RAP will not be easily countenanced.

## **CONCLUSION**

For these foregoing reasons, the Rockcastle Circuit Court's order is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Kimberly Slusher, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky