RENDERED: NOVEMBER 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

## NO. 2024-CA-1161-MR

GARY WOOLBRIGHT          APPELLANT

v.        APPEAL FROM BARREN CIRCUIT COURT
HONORABLE JOHN T. ALEXANDER, JUDGE
ACTION NO. 01-CR-00414

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, KAREM, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE: Gary Woolbright appeals from the August 8, 2024, order of the Barren Circuit Court denying his motion for post-conviction relief, made pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. After careful review of the briefs, record, and law, we affirm.

## I.    BACKGROUND

In 2001, a grand jury indicted Woolbright for the intentional murder of Danny Tibbs.  Kentucky Revised Statutes (KRS) 507.020(1)(a).  Woolbright was tried, and the court instructed the jury on both intentional murder, as charged in the indictment, and wanton murder, KRS 507.020(1)(b).  Woolbright was convicted of wanton murder and sentenced to thirty years' to serve.[1]

Since his conviction, Woolbright has vigorously pursued relief, both in the Commonwealth and in federal court.  He directly appealed his conviction to the Kentucky Supreme Court, and he filed petitions for a writ of *habeas corpus*, a petition for a writ of prohibition, and several post-conviction motions for relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 and various other civil rules, including two prior CR 60.02 motions.[2]  Woolbright has repeatedly

---

[1] Woolbright was also convicted of receiving stolen property with the intent to manufacture methamphetamine, KRS 514.110(3); first-degree trafficking in a controlled substance with a weapon, KRS 218A.1412 and KRS 218A.992; and first-degree possession of a controlled substance with a weapon, KRS 218A.1415 and KRS 218A.992.  His sentences for these charges were ordered to run consecutively with his sentence for murder for a total sentence of fifty-five years' imprisonment.

[2] *See Woolbright v. Commonwealth*, No. 2003-SC-0368-MR, 2005 WL 2045485 (Ky. Aug. 25, 2005), affirming on direct appeal; *Woolbright v. Crews*, No. 1:12-CV-00080-GNS, 2018 WL 357908 (W.D. Ky. Jan. 10, 2018), *cert. of appealability denied*, No. 18-5131, 2018 WL 7247245 (6th Cir. Jul. 9, 2018), denying federal *habeas* relief; *Woolbright v. Hart*, No. 2018-CA-1413-MR, and *Woolbright v. Commonwealth*, No. 2021-CA-0782-MR, dismissing appeals from orders denying petitions for a writ of *habeas corpus*; *Woolbright v. Alexander*, No. 2023-SC-0080-MR (Ky. Jan. 18, 2024), affirming the denial of a writ to prohibit the trial court from disposing of his CR 60.02 motion without an evidentiary hearing; *Woolbright v. Commonwealth*, No. 2009-CA-001689-MR, 2011 WL 1327362 (Ky. App. Apr. 8, 2011), affirming the denial of his RCr 11.42

-2-

claimed in his trial court motions that his conviction is void because he was not indicted for wanton murder.[3]

In November 2021, Woolbright filed his second CR 60.02 motion, arguing that he was entitled to relief because the Commonwealth committed a fraud upon the proceedings by erroneously claiming that it had made an oral RCr 6.16 motion to amend the indictment. Woolbright cited the Commonwealth's 2009 response to his RCr 11.42 motion and its 2021 response to an open records request as evidence of the alleged fraud. The motion was denied, and Woolbright did not appeal.

At issue in this appeal is Woolbright's third CR 60.02(f) motion, filed on June 24, 2024. Therein, Woolbright again asserted the Commonwealth had committed a fraud upon the court, referencing the same evidence as in his prior CR 60.02 motion. He argued that the alleged fraud goes to a material issue of fact, the amendment of the indictment, that must be corrected and demonstrates that the Commonwealth and the court conspired against him during his trial and in his subsequent post-conviction proceedings. On August 8, 2024, the trial court denied

---

motion; and *Woolbright v. Commonwealth*, 2018-CA-001503-MR, 2020 WL 114592 (Ky. App. Jan. 10, 2020), affirming the denial of his first CR 60.02 motion.

[3] Woolbright unsuccessfully raised the issue in a 2006 RCr 11.42 motion, though he abandoned the claim on appeal, a 2018 CR 60.02 motion, a 2020 motion to dismiss, two 2021 motions for relief from an unlawful judgment, and a 2021 CR 60.02 motion.

the motion, concluding that Woolbright's claims were procedurally barred and without merit, and this appeal timely followed.

## II.    STANDARD OF REVIEW

CR 60.02 relevantly states that, "[o]n motion a court may, upon such terms as are just, relieve a party . . . from its final judgment" for any "reason of an extraordinary nature justifying relief."  The rule may only be utilized in the extraordinary situations when relief is not available on direct appeal or under RCr 11.42.  *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).  We review the denial of CR 60.02 motions for abuse of discretion.  *Young v. Richardson*, 267 S.W.3d 690, 697-98 (Ky. App. 2008).  "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## III.    ANALYSIS

On appeal, Woolbright asserts that, because he alleges fraud which occurred after the conclusion of his direct appeal and RCr 11.42 proceedings, the court erred in denying his present CR 60.02 motion as impermissibly successive. We disagree.

Woolbright's present claims are nearly identical to those he asserted in his prior CR 60.02 motion, filed in 2021, and arise from the exact same factual

predicate.  It is settled law that CR 60.02 "was never meant to be used as just another vehicle to revisit issues that should have been included or could have been included in prior requests for relief.  Nor is it intended to be used as a method of gaining yet another chance to relitigate previously determined issues."  *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) (citing *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983)); *see also Baze v. Commonwealth*, 276 S.W.3d 761, 766 (Ky. 2008).  Accordingly, the trial court did not err in denying Woolbright's motion on procedural grounds.

Finally, the Commonwealth argues that Woolbright's repeated filing of procedurally barred post-conviction motions requires an instruction to the trial court to deny Woolbright any future request to proceed in *forma pauperis*.  The Commonwealth cites in support *Berry v. Commonwealth*, 624 S.W.3d 119 (Ky. App. 2021), and *Cardwell v. Commonwealth*, 354 S.W.3d 582 (Ky. App. 2011).  Woolbright did not respond by way of a reply brief.

The Commonwealth's argument is well taken.  As the Court explained in *Cardwell*, "every paper filed in court exhausts some of the court's limited resources.  Thus, to best utilize its resources, where a *pro se* litigant files repetitious and frivolous claims, a court may bar prospective filings to prevent the deleterious effect of such filings on scarce judicial resources."  354 S.W.3d at 585 (citing *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 996, 103 L. Ed. 2d 158

(1989); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)).  And, in *Cardwell* and *Berry*, the Court determined that in *forma pauperis* status should be denied on future collateral attacks when, despite having been advised that successive motions are not permitted, the *pro se* litigants each filed a fourth post-conviction motion.  *Id.*, *Berry*, 624 S.W.3d at 121-22.

Woolbright has filed eleven post-conviction motions in his underlying criminal case, nine of which were filed after his first CR 60.02 motion was denied as successive.  *See Woolbright v. Commonwealth*, No. 2018-CA-001503-MR, 2020 WL 114592 (Ky. App. Jan. 10, 2020).  Having reviewed Woolbright's extensive post-conviction procedural history, we agree with the Commonwealth that action is necessary to protect the judicial resources of the Commonwealth.

## IV.   CONCLUSION

For the foregoing reasons, the order of the Barren Circuit Court is **AFFIRMED**, and the Barren Circuit Court is hereby directed to deny Woolbright any future request to proceed in *forma pauperis* on collateral attacks of this conviction.


ALL CONCUR.

-6-

BRIEFS FOR APPELLANT:

Gary R. Woolbright, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Graham Pilotte
Assistant Solicitor General
Frankfort, Kentucky