RENDERED:  DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0368-MR

VERA WOOTON                                       APPELLANT

v.             APPEAL FROM LAUREL CIRCUIT COURT
HONORABLE GREGORY A. LAY, JUDGE
ACTION NO. 17-CR-00267

COMMONWEALTH OF KENTUCKY                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, L. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Vera Wooton, *pro se*, appeals the February 16, 2024, order entered by the Laurel Circuit Court overruling Wooton's motion seeking relief from her judgment of conviction pursuant to Kentucky Rules of Civil Procedure (CR) 60.02 and CR 60.03.  We affirm.

## BACKGROUND

On August 18, 2017, Wooton was indicted by a Laurel County grand jury for assault in the first degree against her husband by setting him on fire and thereby causing serious physical injury. She was convicted by a jury for assault in the first degree and sentenced in a judgment entered on October 2, 2019, to ten years in the penitentiary.

Wooton did not appeal the judgment and sentence. Notwithstanding, she has filed a number of post-conviction motions in an attempt to reduce her sentence, which we will review to evaluate the ruling on the present motion. Wooton, *pro se*, filed two motions citing both CR 60.02 and CR 60.03 on October 20, 2020, and June 6, 2022, essentially arguing in each for early release due to the COVID-19 pandemic. Both motions were overruled and no appeal was timely taken.[1]

Wooton, *pro se*, filed a motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 on May 20, 2021, asserting ineffective assistance of counsel at her criminal trial for failure to raise the defense that there was an active Domestic Violence Order against her husband at the time of her assault

---

[1] Vera Wooton did file Appeal No. 2022-CA-1138-MR from the order entered on June 6, 2022. That appeal was dismissed by an Order of this Court on January 4, 2023, for failure to timely file the Notice of Appeal.

against him. The court overruled the RCr 11.42 motion by order entered February 21, 2023. Wooton did not appeal.

On September 5, 2023, Wooton filed another motion styled, "Motion to Amend Final Judgment, Pursuant to RCr 60.02, RCr 60.03, and the 6th, 8th and 14th Amendments to the United States Constitution and §17 and §115 of the Kentucky Constitution."[2] Record at 270. The motion sought relief "because of *Documented Domestic Violence that was never presented at the penalty stage.*" Record at 272. The circuit court denied the motion in a written order entered February 16, 2024, finding that the motion was procedurally barred, that Wooton was attempting to relitigate the same claims as set out in her RCr 11.42 motion, and substantively, she did not provide facts to support a claim under Kentucky Revised Statutes (KRS) 439.3401(5)[3] that domestic violence occurred with regard to the crime committed. Record at 279-283. This appeal follows.

STANDARD OF REVIEW

The standard of review of the trial court's denial of a CR 60.02 motion is an abuse of discretion. *Foley v. Commonwealth*, 425 S.W.3d 880, 886

---

[2] While Wooton filed the motion pursuant to Kentucky Rules of Civil Procedure (CR) 60.03, she does not state her basis for citing that Rule, which requires that a party file an independent action--something Wooton has not done. The trial court treated this case as simply being brought pursuant to CR 60.02, and we will do the same.

[3] We cite to Kentucky Revised Statutes (KRS) 439.3401(5) as effective on July 14, 2022. KRS 439.3401 was amended effective July 15, 2023, and subsection (5) was renumbered as subsection (6).

(Ky. 2014). CR 60.02 is not intended as merely an additional opportunity to raise claims which could and should have been raised in prior proceedings, but rather is for relief that is not available by direct appeal and not available under RCr 11.42. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

## ANALYSIS

On appeal, Wooton resumes her argument regarding ineffective assistance of counsel that she had unsuccessfully sought before although with a different twist. In her brief, for the first time, Wooton argues that counsel was deficient for failing to order a presentence investigation, which she seems to assume would have made some reference to domestic violence by her husband. Not only is this a new theory never before presented to the trial court, it ignores that the Judgment and Sentence entered on October 2, 2019, documents that a presentence investigation report was prepared and that Wooton agreed with the factual contents therein. Record at 121.

The Commonwealth correctly argues that Wooton's arguments on appeal are improper. A new theory of error cannot be presented for the first time on appeal. *Harrison v. Commonwealth*, 858 S.W.2d 172, 177 (Ky. 1993). As such, the arguments presented by Wooton in this appeal, which were not presented to the circuit court in a proper CR 60.02 motion, are not subject to review and will

not be considered by this Court. *See Parker v. Commonwealth*, 465 S.W.2d 280, 281 (Ky. 1971).

Additionally, Wooton is procedurally barred from bringing repetitive motions under CR 60.02 in an attempt to relitigate the same issues. We will not consider successive appeals of a post-conviction motion to vacate a conviction when those motions cite grounds for relief that have been or should have been raised earlier. *Cardwell v Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011). A party who brings a motion for post-conviction relief must cite every reason known at that time since a party is precluded in the future from raising claims which were, or reasonably could have been, presented in a prior proceeding. *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983); RCr 11.42(3). "The obvious purpose of this principle is to prevent the relitigation of issues which either were or could have been litigated in a similar proceeding." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

Wooton did not appeal her conviction. As stated, this is her third post-conviction motion relying on CR 60.02 and CR 60.03, effectively seeking RCr 11.42 relief. All of the arguments she raises in this appeal were known to her earlier and should have been raised in a direct appeal or in a timely RCr 11.42 motion. Thus, we agree with the trial court that Wooton is procedurally barred

from asserting the claims raised in this appeal, which constitute an impermissible collateral attack on her judgment of conviction. *See Cardwell*, 354 S.W.3d at 585.

For all the foregoing reasons, we affirm the Laurel Circuit Court's order denying relief pursuant to CR 60.02 and CR 60.03.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Vera Wooton, *Pro Se*<br>Pewee Valley, Kentucky | Russell Coleman<br>Attorney General of Kentucky |
| | Ken W. Riggs<br>Assistant Attorney General<br>Frankfort, Kentucky |